1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JULIA KLEFFMAN ,

11
            Plaintiff,

12
      v.                                          Case No. C04-5430FDB

13
RELIANCE STANDARD LIFE INSURANCE        ORDER GRANTING DEFENDANT'S
COMPANY,                                 MOTION FOR SUMMARY
14                                               JUDGMENT

15
            Defendant.

16        This cause of action concerns a group long term disability insurance policy that was part of

17   an employee welfare benefit plan established and maintained by Plaintiff's employer, and claims

18   under it are governed by the Employee Retirement Income Security Act of 1974 (ERISA).  Plaintiff

19   is claiming benefits under the policy and Defendant maintains that it properly denied further benefits

20   to Plaintiff.

21        Defendant argues that in order to receive benefits, Plaintiff had a continuing obligation to

22   demonstrate total disability.  Plaintiff claimed disability as of March 1, 2000, reporting symptoms of

23   chronic headaches, pain, and fatigue.  Defendant considered her application and medical records and

24   approved her claim and began paying benefits in September 2000.

25        Later, Defendant determined that Plaintiff was no longer entitled to disability benefits and

26   ORDER - 1

1    discontinued payments on August 5, 2003.  Plaintiff appealed on January 13, 2004, and Defendant

2    conducted an additional review, including consideration of a second IME and a psychological

3    evaluation that Plaintiff obtained.  Defendant concluded that continued disability was not

4    demonstrated, and, additionally, the medical records demonstrated that Plaintiff's condition was

5    caused or contributed to by depression and was, therefore, limited to a maximum of 24 months of

6    benefits.  Defendant also concluded, in deciding the appeal,  that Plaintiff was not covered under the

7    policy and that benefits should never have been paid because she did not submit an application for

8    the coverage with 31 days of becoming eligible for the coverage and failed to submit required proof

9    of good health in accordance with the policy provision concerning the effective date of individual

10   insurance.

11        Defendant moves for summary judgment under Fed. R. Civ. P. 56 arguing that there is no

12   genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

13   Alternatively, Defendant moves for judgment on the record pursuant to Fed. R. Civ. P. 52 wherein

14   the judge evaluates the persuasiveness of conflicting testimony and decides which is more likely true.

15   *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 1999).

16        Defendant argues that the standard of review to be applied is "arbitrary and capricious"

17   because the policy grants full discretionary authority to Defendant:

18        Reliance Standard Life Insurance Company shall serve as the claims review fiduciary
          with respect to the insurance policy and the Plan.  The claims review fiduciary has the
19        discretionary authority to interpret the Plan and the insurance policy and to determine
          eligibility for benefits.  Decisions by the claims review fiduciary shall be complete,
20        final and binding on all parties.

21   (AR 463).  This deferential standard is replaced with a heightened standard of review only where a

22   "serious" conflict of interest exists.  An apparent conflict of interest, such as when the decision

23   maker is also the insurer, is not enough to invoke this stricter standard; a plan participant must

24   present "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show

25   that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations." *Jordan*

26   ORDER - 2

1   *v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 876 (9th Cir. 2004).  If a plan

2   participant produces such evidence, the plan fiduciary must produce evidence that the decision on the

3   claim was not affected by the conflict of interest.  *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1108

4   (9th Cir. 2000).  If the plan fiduciary meets its burden, the claim is review under the abuse of

5   discretion standard; if not, the decision is reviewed by the court *de novo*.

6          Plaintiff contends that a *de novo* standard of review applies, arguing that the conflict apparent

7   in this case affected the decision as evidenced by the lack of meaningful review of the submitted

8   information.  Plaintiff, however, has not submitted "material, probative evidence, beyond the mere

9   fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the

10  administrator's fiduciary obligations."  *See Jordan*, 370 F.3d at 876.  Plaintiff cites concerns with Dr.

11  Vidloff's examination and conclusions, asserts that the vocational staff did not review the complete

12  file and other reviewers did not review all records.  Plaintiff's showing falls short of that needed to

13  raise the scrutiny of the fiduciary's decision to *de novo*.

14         John C. Vidoloff, M.D.'s qualifications were provided (physical medicine and rehabilitation)

15  and Plaintiff was allowed to submit additional evidence during her appeal.  An independent medical

16  examination allows the doctor to conduct his own examination and to reach his own conclusions, and

17  Dr. Vidoloff considered and addressed all conditions identified by Plaintiff/claimant.  (AR 820-824)

18  Dr. Vidoloff's conclusions differed from those of Dr. Kenneth Bakken, D.O., Ph.D. (preventive

19  medicine, pain management), but Defendant is not bound by the determination of her treating

20  physician.  *See Black & Decker Disb. Plan v. Nord*, ____ U.S. ____ (2003).  While Dr. Bakken

21  found Plaintiff to have fibromyalgia syndrome disorder as well as chronic fatigue and depression, that

22  Plaintiff needed only minimal help in activities of daily living, and that her condition was stable with

23  regard to rehabilitation treatment potential (AR670), and found her to be disabled, the Social

24  Security Administration concluded that Plaintiff's condition did not preclude her from returning to

25  her past employment as a file clerk, and Dr. Vidoloff concluded that the fibromyalgia diagnosis was

26  ORDER - 3

1  valid but not necessarily disabling, and he concluded that her weight loss should be beneficial for all

2  her health problems (AR 823).  On the record presented, a conclusion that Plaintiff is not disabled is

3  reasonable, and the Court must conclude that Defendant's exercise of discretion was appropriate.

4         On the coverage issue, Plaintiff relies on a "1999 Benefits Booklet," which is not a "Summary

5  Plan Description" as described by ERISA (29 U.S.C. § 1022(b), as the booklet does not contain all

6  the information that must be contained in a "Summary Plan Description," and the booklet itself

7  provides: "All of the benefit provisions are spelled out in legal plans and contracts that govern how

8  the benefit plans work.  Should any conflict arise, benefits must conform to the provisions of these

9  legal documents."  (1999 Benefits Booklet, p. 1.)  The policy of coverage for individuals in

10 Plaintiff's class of employee provides that proof of health is required after thirty-one days from the

11 date an employee first met the Eligibility Requirements.  (AR 465, "Effective Date of Individual

12 Insurance.")  Plaintiff became eligible on June 30, 1997, but she did not elect coverage until January

13 1, 1999.  There is no showing that Plaintiff provided proof of good health, and Plaintiff does not

14 argue that she did so.  In this case, premiums were paid for coverage that did not exist, and

15 Defendant has not retained an premiums improperly paid nor is Defendant asking Plaintiff to return

16 the benefits already paid.

17        Even if Plaintiff were covered under the policy, as discussed above, continued disability was

18 not shown.  The denial letter from Defendant indicates that Plaintiff's complete file was review by

19 the vocational staff.  The letter from the vocational consultant references in particular two records,

20 but the Court cannot conclude form this that the review was incomplete.  It is unreasonable to

21 presume that every record in a 1111 page Administrative Record would be referenced in conducting

22 a proper review.

23        There was evidence from one of Plaintiff's physicians, Dr. Okey, that Plaintiff was disabled

24 due to both physical and mental conditions, the latter of which he indicates was caused by her

25 physical condition.  Dr. Okey indicated that Plaintiff has struggled with post traumatic stress disorder

26 ORDER - 4

1    throughout her life.  (AR 63-66.)  Disability benefits for a condition caused or contributed to by a

2    mental condition are limited to 24 months.  Defendant argues, and the Court agrees that Plaintiff has

3    already received 35 months of benefits and is not entitled to more for a condition caused by or

4    contributed to by a mental condition.

5           The Court having reviewed the Administrative Record, the parties' arguments, and being

6    fully advised concludes, that Defendant is entitled to judgment under either Fed. R. Civ. P. 56 or 52.

7           NOW, THEREFORE, IT IS ORDERED: Defendant's Motion for Summary Judgment (Dkt.

8    # 13) is GRANTED and ths cause of action is DISMISSED.

9           DATED this 8th day of June, 2005.

10

11           FRANKLIN D. BURGESS
              UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 5